## Ward v. Butcher et al.

(Decided March 27, 1936.)

STEPHENS & STEELY and JAMES P. GREGORY for appellant.

GRAY & FEATHER and TYE, SILER, GILLIS & SILER for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER
—Reversing.

From a judgment fixing the priorities, upon certain properties belonging now or formerly to W. F. and Maggie Butcher, of the rights and liens of various parties, and ordering sale in satisfaction thereof, J. W. Ward has appealed.

### The Property Affected

The properties are described in the judgment as consisting of three tracts in Corbin, Ky. They are poorly and inadequately described. The same piece of property is differently described at different places in this record. The property described in the judgment as tract No. 2 is apparently but the southern part of Tract No. 1. Both descriptions "begin at a stone at the southeast corner of Hill street." (Without more that is meaningless.) The first line in both descriptions is, "Thence about west 200 feet to a stone." The second line in tract No. 1 is, "Thence about north 185 feet to a stone." The second line in tract No. 2 is, "Thence about north 50 feet to a stone." The third line in both tracts is thus described, "Thence about east 200 feet to a stone." The fourth call in both tracts is "Thence about south along Hill street to a stone the beginning corner." The description of tract 3 is equally as indefinite and uncertain as the other two.

### The Claimants

The claimant that had the oldest equity is the

Louisville Title Company, with a lien upon tract 1 or tracts 1 and 2 (we cannot tell which for its mortgage is not in this record), for a balance due it upon a $3,000 mortgage dated October 4, 1925.

The next is Mrs. Belle Gray with a lien upon all three tracts for a balance due her upon two notes aggregating $1,370 and secured by a mortgage dated September 23, 1931.

The next in order of time is the F. B. Heath Lumber Company, with a mechanic's and materialman's lien upon tracts No. 1 and No. 2 to secure $402.31 with interest dated June 1, 1932, which amounted to $482.12 before it was finally paid.

The next in order is J. W. Ward to whom on October 19, 1932, Mr. and Mrs. Butcher conveyed either tract 1 or tracts 1 and 2 (we cannot tell which), he agreeing and assuming to pay liens against the same to the extent of $2,200 and Mr. Ward recorded his deed on October 27, 1932.

The next is M. A. Gray with a second lien on tract No. 3 to indemnify him for a suretyship liability for a balance due upon a $175 debt due the First National Bank of Corbin, Ky., with a mortgage dated October 19, 1932, and on that day put to record.

The next is J. B. Bradshaw with a third lien upon tract No. 3 for $500 due on a mortgage dated October 22, 1932.

First and ahead of all these liens are several varieties of taxes and apportionment warrants for street improvements, but these will not distress us for the court decided to sell the property subject to them, thus leaving each tub standing on its own bottom with its own taxes and apportionment warrants in the tub. The parties having agreed and stipulated it should be so done.

On May 31, 1933, F. B. Heath Lumber Company sued Mr. and Mrs. Butcher to enforce its mechanic's and materialman's lien; on March 5, 1934, it amended its petition and made some of these lienholders parties, they came in and other lienholders came in without an invitation and began scrambling for position so that soon they had pretty thoroughly scrambled the entire basket of eggs. The next problem is how to unscramble the eggs and distribute them among these claimants.

Ward has paid the $1,000 balance due the Louisville Title Company. This was a lien upon tract 1 or tracts 1 and 2 (we cannot tell which). Eleven days after the rendition of the judgment appealed from Ward paid to the F. B. Heath Lumber Company $482.12, the amount of its debt and interest, and it assigned its lien to him, he agreeing to pay its cost. Ward has also paid $366 to Mrs. Gray upon her debt.

### The Judgment

The court on February 23, 1935, found the lien of Mrs. Belle Gray to be $1,194.54 of which the court adjudged one-third, or $398.18, to be a first lien on tract No. 3 and two-thirds, or $796.36, to be a first lien on tracts No. 1 and No. 2.

The court adjudged to F. B. Heath Lumber Company a second lien on tracts No. 1 and No. 2.

The court adjudged to M. A. Gray a second lien on tract No. 3 for $175 and to J. B. Bradshaw a third lien on tract No. 3 for $500.

The court ordered all the tracts sold to satisfy these liens, but made this provision:

"It is adjudged by the court that if J. W. Ward, who has filed an answer and an amendment thereto in this cause shall pay off and satisfy the claim of Belle Gray for $796.36, and also the claim of F. B. Heath Lumber Co., for $469.60, with interest from September 28, 1934, until paid, and its costs in this action expended, and also the street lien of $680.03, against the first and second tracts of land, and shall also pay two-thirds for the costs in this action up to date of sale of property, then in that event neither the first nor the second tracts of land shall be sold in this cause, but shall be held and retained as the individual property of said J. W. Ward. Should the said J. W. Ward fail, refuse and neglect to pay the above the foregoing items or claims against the first and second tracts of land in this cause by March 8, 1935, then the sale of the property as hereinabove provided shall be made in accordance with the terms and provisions of this judgment."

### Our Conclusions.

The action of the court in dividing Mrs. Gray's

lien debt and allocating one-third thereof to tract No. 3 and two-thirds to tracts No. 1 and No. 2 was purely arbitrary for there was nothing in the record to show the values of these properties, and in the absence of such a showing there was no basis for making such allocation.

All of this confusion is the result of an effort of the court to do justice in a case not properly prepared and the failure of the clerk to pursue the course outlined in the statute when the Heath Lumber Company filed suit to enforce its mechanic's and materialmen's lien. See section 2471 et seq. Ky. Stats. The court will have that done now and, in addition, will direct the master commissioner to have a survey of this property made and return that with the report he is required to make by section 2473, Ky. Stats. The court will also require the commissioner to report the amount on October 19, 1932, of all taxes, street apportionment warrants, etc., that were liens upon the property bought by J. W. Ward. The commissioner will also ascertain and say in his report how much was due on October 19, 1932, to Mrs. Belle Gray upon each of her mortgage debts, and the probable value of these tracts as ascertained by him from the proof he shall take.

At the time they sold the property they did to Ward, Mr. and Mrs. Butcher owned all three of these properties and owed all of these debts. They undertook to convey a portion to Ward free of liens except $2,200 which Ward assumed and agreed to pay and pay that he must. That means he must pay liens that then amounted to that sum. If by Ward's failure to pay them then these liens have since increased, Ward must bear that increase for his failure to pay then has been the cause of it. For example, the lien of the Heath Lumber Company when he finally paid it was $482.12, but in making up this $2,200 he can only count it as $422.55, for that is what it and its interest amounted to when Ward made his purchase. In like manner he can only count the Louisville Title Company debt as $1,000 for that is what it then was, but by not paying then Ward finally had to pay more money, and the same is true of Mrs. Gray's lien and of the taxes and apportionment warrants for street improvements, but there is not in this record sufficient data to now estimate what was due on these items on October 19, 1932. The commissioner's report will supply that. The Butchers and

Ward could not affect or displace any of these liens by any of their contracts, but they could contract as between themselves to allocate these liens between these properties and the affect of their deed was to do so and to place $2,200 of these liens on the property bought by Ward and to place the remainder of these liens then existing upon the remaining property.

This contract and allocation was good as between Ward and the Butchers and as to all who acquired by contracts with the Butchers any rights in or to the remaining property after October 27, 1932, when Ward put his deed to record, and as to parties who acquired such rights at any time after the deed was made to Ward if they had notice of it.

There is no plea that when Gray and Bradshaw took their mortgages they did not know that not more than $2,200 in liens could be imposed on the property Ward bought and did not know that the Butchers had contracted with Ward to allocate all these liens in excess of $2,200 to the property Ward did not buy, or that M. A. Gray and Bradshaw took their liens without notice of and subject to that burden.

When the master commissioner shall have reported and furnished the information directed, the court will then ascertain the amount of the taxes, apportionment liens, etc., due on October 19, 1932, from the property Ward bought, this he will call ''Ward's taxes,'' the court will add to that the $1,000 Ward paid the Louisville Title Company, the $422.55 then due Heath Lumber Company, and the $366 Ward has paid Mrs. Gray, and will take the sum so produced and using it as a subtrahend deduct it from the $2,200, and to the remainder so obtained the court will add interest to the date of judgment, and will call this, ''The balance due from Ward under his contract allocation.''

The court will now take this balance just mentioned and using it as a subtrahend and will take the total sum due Mrs. Gray on the day of the judgment, after crediting, of course, the $366 paid by Ward and using it as a minuend will by subtraction learn the remainder which the court will call, ''The portion of Mrs. Gray's debt allocated to property not bought by Ward '' The whole of Mrs. Gray's debt shall be so known if when the title company debt, the Heath Lumber Company debt, and what Ward has paid Mrs. Gray totaling

$1,788.55 is added to "Ward's taxes," the sum shall exceed $2,200 and such excess shall be called "Ward's excess," and in that event there will be no sum to be known as "The balance due from Ward under his contract allocation."

The court will then order sold the property not bought by Ward and out of the proceeds after paying the costs the court will pay, first, "The portion of Mrs. Gray's debt allocated to property not bought by "Ward," next "Ward's excess," if any, then the $175 debt due to the First National Bank of Corbin or to M. A. Gray if he shall have paid it, next the $500 due Bradshaw, and the balance, if any, of the proceeds of this sale shall be paid to Mr. and Mrs. Butcher as their interests may appear.

If this sale does not produce enough to pay "the portion of Mrs. Gray's debt allocated to property not bought by Ward," then such deficiency shall be added to "the balance due from Ward under his contract allocation," and if he does not pay same, then the property bought by Ward shall be sold in satisfaction thereof. If after sale of the property not bought by Ward there is no unpaid balance due Mrs. Gray from the portion of her debt allocated to it, then Ward shall forthwith pay her "the balance due from Ward under his contract allocation," and if he does not, the property he bought shall be sold in satisfaction thereof. This is ordered done to avoid, if possible, subjecting Ward's property to liens in excess of $2,200, but, if necessary to pay Mrs. Gray's debt, the last foot of all these tracts shall be sold, for she must have her debt paid at all hazards.

Judgment reversed for judgment as indicated. The whole court sitting.